

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK A. DILLARD,

     Petitioner,

v.                                 Civil Action No. 3:13CV730

MICHAEL L. WADE,

     Respondent.

## MEMORANDUM OPINION

Mark A. Dillard, a Virginia inmate[1] proceeding <u>pro</u> <u>se</u>, brings this 28 U.S.C. § 2254 ("§ 2254 Petition"). In his § 2254 Petition, Dillard states that he has filed neither an appeal nor any other challenge to his state conviction to the Supreme Court of Virginia, (<u>see</u> § 2254 Pet. 2-3), nor previously raised the claims within his § 2254 Petition to the Virginia courts. (<u>Id.</u> at 6-13.) Thus, the record fails to indicate that Dillard has properly exhausted his state court remedies with respect to his claims.

Dillard has previously filed two § 2254 Petitions challenging the same charges and conviction in the Circuit Court. The Court dismissed without prejudice both actions because Dillard failed to demonstrate that he has exhausted

---

[1] In his habeas petition, Dillard notes that on October 23, 2013, the Circuit Court of the County of Henrico ("Circuit Court") sentenced him to "12 month[,] 11 suspended[,] weekend time." (§ 2254 Pet. ¶¶ 2-3.)

available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. Dillard v. Woody, No. 3:13CV602, at 1 (E.D. Va. Oct. 30, 2013); Dillard v. Ward, No. 3:13CV454, at 1 (E.D. Va. Oct. 30, 2013).

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' Bowen v. Johnston, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting Boumediene v. Bush, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." Id. at 531 n.5 (citing Boumediene, 553 U.S. at 793). Thus, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State

2

has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

The issues raised by Dillard may be resolved either by direct or collateral appeal. Dillard fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Dillard's § 2254 Petition and the action will be dismissed without prejudice because has failed to demonstrate that he has exhausted available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

3

.

Dillard fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Dillard and counsel of record.

/s/ REP

Robert E. Payne
Richmond, Virginia        Senior United States District Judge
Date: January 2, 2017

4